UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY CHERELLE PRICE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:10-cv-2540 |
| | § | |
| NEW LIGHT CHURCH, *et al*, | § | |
| | § | |
| Defendants. | § | |

### **MEMORANDUM AND ORDER**

Pending before the Court is Defendants New Light Church, Ira Hillard, Bridget Hillard, and Preashea Hillard's Motion to Dismiss or for a More Definite Statement. Having considered the parties filings and the applicable law, the Court finds that Defendants' Motion to Dismiss should be denied and Defendants' Motion for a More Definite Statement should be granted in part.

### I.  BACKGROUND

Plaintiff Kelly Cherelle Price ("Plaintiff" or "Price") alleges that she composed and recorded the song "Women Who Win" ("the song") and that the song was duly registered through the Royalty Network in 2008 and assigned the registration number Pau 3-428-731. (Compl. ¶ 9.) Price alleges that she has fully complied with the statutory registration and deposit requirements of the federal Copyright Act of 1976 and that she is the valid copyright owner of the song. (*Id*. ¶ 11.) Price maintains that she never executed a written assignment of her copyright ownership in the song to Defendants. (*Id*.)

Price claims that Defendants had knowledge that the song was copyrighted and that they needed a license in order to utilize it. (*Id*. ¶ 9.) Indeed, Price alleges that Defendants requested a synchronization license to use the song and that the requested license was refused. (*Id*.) Despite

1

this refusal, Price alleges, Defendants proceeded to use the song in a variety of ways, including featuring the song in the telecast of the New Light Church show called "Women Who Win," using the song to promote DVDs and other products on Defendants' website, featuring the song on the "Women Who Win" website homepage, and performing the song and recording it several times at the 2008 "Women Who Win" conference. (*Id.*) Price alleges that CDs and DVDs featuring performances of the song remain on sale. (*Id.*) According to Price, Defendants have profited and continue to profit at Price's expense from their unlicensed use and sale of products containing the song. (*Id.*)

Price claims that Defendants' unauthorized use of the song constitutes copyright infringement under the Copyright Act of 1976. Under the heading "Non-copyright Causes of Action," Price also alleges the following:

> Defendants and Defendants' affiliates are liable to Plaintiff because Defendants received a benefit from the use of Plaintiff's Work in derogation of Plaintiff's rights to the musical composition. Defendants used the musical composition owned and controlled by Plaintiff for their own benefit without Plaintiff's authorization and without compensating Plaintiff. Defendants reaped the benefits of using the Work and Plaintiff should be compensated for those benefits received. Defendants used Plaintiff's name, image and likeness without permission and as a result damaged Plaintiff while benefitting from this misappropriation. Defendants attempted to copyright a work similar in substance and/or title as a means of causing confusion among consumers as to the source ad content of this other work.

(*Id.* ¶¶ 15-17.) To remedy her copyright and non-copyright claims, Price seeks a declaratory judgment and damages. She also seeks costs and attorneys' fees.

Defendant has brought the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Price's complaint is insufficient to state a claim on which relief can be granted. Alternatively, Defendants request a more definite statement under Rule 12(e). Price responds that her complaint lays out with sufficient detail the acts that form the basis of her

claims and that, if the Court finds her pleading to be deficient, she should be permitted to amend.

## II.  LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*  A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff.  The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted).  The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)).  A

district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Furthermore, a Court may refer to matters of public record when deciding a motion to dismiss. *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, 595 (5th Cir. 2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 231 (5th Cir. 2009) (internal citation omitted).

A motion under Federal Rule of Civil Procedure 12(e) requires a court to determine whether the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." "[T]he fact that a careful Judge, in the exercise of that wise discretion controlled by the prescribed principles of that rule, might so conclude does not permit him to dismiss the complaint for failure to state a claim. It may well be that petitioner's complaint as now drawn is too vague, but that is no ground for dismissing his action." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959) (internal quotations omitted). The motion for a more definite statement "involves, within the applicable standards of that rule, the exercise of that sound and considered discretion committed unavoidably and properly to the Trial Judge." *Id*.

### III.     ANALYSIS

Defendants raise three principal objections to Price's complaint. First, Defendants argue that Price failed to identify which defendants participated in which of the alleged wrongful acts and that this lack of information justifies the dismissal of Price's complaint. Second, Defendants

claim that Plaintiff pled her copyright causes of action with mere legal conclusions and without supporting facts sufficient to state a plausible claim for relief. Third, Defendants contend that the factual allegations supporting Plaintiff's non-copyright causes of action are insufficiently specific and that Plaintiff failed to identify any law or statutes that would support relief.

### A.  Copyright Claims

A copyright infringement claim requires "(1) ownership of a valid copyright and (2) actionable copying, which is the copying of constituent elements of the work that are copyrightable." *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003) (citing *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir. 1994)). The Court is not convinced that Price has failed to plead her copyright infringement claim with sufficient specificity. Indeed, Price alleges that she is the owner of a valid copyright for the song "Women Who Win" and that Defendants have used her copyrighted song without a valid license or assignment. Price identifies numerous specific instances of unauthorized use of her copyrighted song, including selling merchandise and featuring the song on Defendants' "Women Who Win" website. Price also alleges that Defendants' use of her song was willful because they requested and were denied a license but continued to use the song anyway. These facts are plainly sufficient when accepted as true to state a claim for relief that is plausible on its face.

#### 1.  Individual Defendants

Defendants next contend that Price's allegations do not specify which of the Defendants is responsible for each of the wrongful acts she identifies. Rather, throughout the complaint, Price uses the terms "Defendant" or "Defendants" to refer to the actor or actors allegedly responsible for her harm. Defendants also argue that Price's complaint fails to identify the way in which these individuals are affiliated with the organizational defendant, New Light Church,

5

and lacks facts to support a theory of vicarious or individual liability. Defendants argue that these missing facts are crucial because they would allow Defendants to better understand the basis of each Defendant's liability and allow Defendants to prepare a response to the allegations.

The Court does not believe that the deficiencies Defendants identify warrant dismissal of Price's claims. Indeed, as previously held, Price has identified specific wrongful actions perpetrated by one or some combination of the Defendants that, if taken as true, state a plausible claim for relief. The Court does agree, however, that the ambiguity regarding the identity of the precise composition of the Defendants that allegedly committed the wrongful acts makes it difficult for Defendants to reasonably admit or deny the allegations. Price is therefore ordered to amend her complaint to include a more definite statement of the individual Defendants' relationships to New Light Church and, if known, which of the Defendants is responsible for each of the actions that led to her alleged injuries.

### 2. Non-copyright Claims

Defendants argue that Price's non-copyright claims are inadequately pled because they lack specificity regarding any "benefit" received by Defendants, any "derogation of Plaintiff's rights," any use of Plaintiff's name, image, and likeness, or any damage to Plaintiff as a result of these alleged wrongs. Defendants also argue that Plaintiff has failed to identify specific statutes or laws to support relief, or any facts that would demonstrate her claims are not preempted by the Copyright Act of 1976.

These deficiencies do not require dismissal of all of Price's non-copyright claims. The Court does believe, however, that a more definite statement identifying specific claims for relief as to any non-copyright injury that has been suffered would better allow Defendants to prepare a response to the allegations.

## IV. CONCLUSION

Defendants' Motion to Dismiss is **DENIED**. Defendants' Motion for a More Definite Statement is **GRANTED** in part. Plaintiff shall have fifteen (15) days from the date of this order to file an amended complaint that provides a more definite statement as directed above.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 12th day of April, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE