IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY CHERELLE PRICE, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | |
| | § | CIV. NO. 4:10-cv-02540 |
| NEW LIGHT CHURCH WORLD | § | |
| OUTREACH AND WORSHIP | § | |
| CENTERS, INC., IRA HILLIARD, | § | |
| BRIDGET HILLIARD, and | § | |
| PREASHEA HILLIARD, | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Non-Copyright Causes of Action ("Motion"). (Doc. No. 30.) After considering the Motion, all responses and replies thereto, and the applicable law, the Court concludes that the Motion must be **GRANTED.**

I.      BACKGROUND

This case arises out of New Light Church World Outreach and Worship Centers, Inc., Ira Hilliard, Bridget Hilliard, and Preshea Hilliard's (collectively, "Defendants") alleged copyright infringement of a song composed by Kelly Cherelle Price ("Plaintiff"). (Pl.'s Am. Compl. ¶ 9.) Plaintiff alleges that she composed the music and lyrics to the song "Women Who Win" ("the Song"). She also recorded the Song and registered the musical composition through the Royalty Network in 2009. Without obtaining a license,

Defendants used the Song in a telecast show, to promote the sale of a DVD and other products, as background music to a webcast, on a website homepage, in audio CDs and DVDs, and at performances. (*Id.*) Plaintiff alleges that "[e]ach of the Defendants have profited and/or benefitted and continue to profit from their unapproved use and sale of products, services, and information which contain the musical composition 'Women Who Win.'" (*Id.*) Plaintiff brings a copyright infringement claim, a claim for declaratory judgment, and non-copyright causes of action.

In September of 2010, Defendants filed a Motion to Dismiss or for a More Definite Statement. The Court issued a Memorandum and Order denying Defendants' Motion to Dismiss and granting their Motion for a More Definite Statement. The Court ordered Plaintiff to identify "specific claims for relief as to any non-copyright injury that has been suffered," as this "would better allow Defendants to prepare a response to the allegations." (Order Denying Mot. Dismiss, Doc. No. 27 at 6.) Plaintiff thereafter filed a First Amended Complaint. (Doc. No. 28.) Defendant then filed this Motion, alleging that Plaintiff has failed, in her First Amended Complaint, to identify any non-copyright injury and to meet the pleadings standards articulated in *Bell Atl. Corp. v. Twombly*, 50 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), for her non-copyright causes of action. Plaintiff filed a response stating that she had indeed met *Twombly* and *Iqbal*'s pleading requirements and, in the alternative, requesting leave to amend her pleadings.

## II.    LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to

relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff.  The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted).  Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that the plaintiff has adequately pled a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III.    PLAINTIFF'S LEGAL CLAIMS

Plaintiff raises claims for unjust enrichment, misappropriation of name, image, or likeness, and conversion. The Court determines that, with regard to these non-copyright causes of action, Plaintiff has failed to state a claim for relief that is plausible on its face. The Court will examine each of Plaintiff's non-copyright claims in turn.

### A.  Unjust Enrichment Claim

Defendants assert that because Plaintiff has not alleged any non-copyright injury,

her unjust enrichment claim is clearly preempted by federal law. A person "is unjustly

enriched when he obtains a 'benefit from another by fraud, duress, or the taking of an

undue advantage.'" *Villarreal v. Grant Geophysical, Inc.*, 136 S.W.3d 265, 270

(Tex.App.-San Antonio 2004, pet. denied) (quoting *Heldenfels Brothers, Inc. v. City of

Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)). However, "[t]he Copyright Act

generally preempts state law claims that are equivalent to any of the exclusive rights

created by the copyright law." *Randolph v. Dimension Films*, 630 F.Supp.2d 741, 750

(S.D. Tex. 2009) (citing 17 U.S.C. § 301(a)).

Courts use a two-part test to evaluate whether a claim is preempted by the

Copyright Act. *Id.* First, courts determine whether the claim falls within the subject

matter of copyright as defined in 17 U.S.C. § 102. *Id.* That provision states:

> **(a)** Copyright protection subsists, in accordance with this title, in original
> works of authorship fixed in any tangible medium of expression, now
> known or later developed, from which they can be perceived, reproduced,
> or otherwise communicated, either directly or with the aid of a machine or
> device. Works of authorship include the following categories:
>
> > **(1)** literary works;
> > **(2)** musical works, including any accompanying words;
> > **(3)** dramatic works, including any accompanying music;
> > **(4)** pantomimes and choreographic works;
> > **(5)** pictorial, graphic, and sculptural works;
> > **(6)** motion pictures and other audiovisual works;
> > **(7)** sound recordings; and
> >
> > **(8)** architectural works.
>
> **(b)** In no case does copyright protection for an original work of authorship
> extend to any idea, procedure, process, system, method of operation,

concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

Second, courts examine the cause of action "'to determine if it protects rights that are equivalent to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106,' which gives copyright owners the exclusive right to authorize reproduction, adaptation, publication, performance, and display of their copyrighted works." *Id.* at 750 (quoting *Daboub v. Gibbons*, 42 F.3d 286, 288-89 (5th Cir. 1995)).

The second prong requires courts to compare "'the nature of the right protected under federal copyright law with the nature of the state rights for which the plaintiff seeks protection. If the defendants' alleged acts would violate both state and federal copyright law, then the state right is deemed equivalent to copyright.'" *Id.* (quoting *Sefton v. Jew*, 201 F.Supp.2d 730, 745 (W.D. Tex. 2001)). If the plaintiff has alleged facts that correspond "to an 'extra element,' such as breach of fiduciary duty that would render his claims 'different in kind from a copyright infringement claim,' then his state law claims are not preempted." *Id.* (quoting *Sefton*, 201 F.Supp.2d at 745; *Keane v. Fox Television Stations, Inc.*, 297 F.Supp.2d 921, 945 (S.D. Tex. 2004)). Under the "extra element" test, if "one or more qualitatively different elements are required to constitute the state-created cause of action being asserted, then the right granted under state law does not lie 'within the general scope of copyright,' and preemption does not occur." *Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 787 (5th Cir. 1999). For example, in *Alcatel USA, Inc.*, the Fifth Circuit held that a plaintiff's misappropriation claim was preempted by the Copyright Act because "the acts that form the basis of [the plaintiff's] misappropriation claim touch on interests clearly protected by the Copyright Act, including (1) the

reproduction of its firmware, software, and manuals; (2) the use of these materials in the preparation of allegedly derivative works…; and (3) the distribution of these works in competition with [the plaintiffs]." *Id.* at 789.

First, Plaintiff's non-copyright causes of action concern the use of her musical work. Thus her claims fall within the subject matter of the Copyright Act. Second, Plaintiff's unjust enrichment claim touches on interests already protected by the Copyright Act: the appropriation of her song for use in television shows, DVD sale promotions, audio CDs, DVDs, a webcast, and on websites. (Pl.'s Am. Compl. ¶ 9.) Thus the "gravamen" of Plaintiff's complaint is wrongful copyright. *Alcatel USA, Inc.*, 166 F.3d at 789. In other words, she alleges "only one set of operative facts," providing the Court with no "conduct by Defendants to support [her] conversion claim that is qualitatively different from the conduct alleged to support [her] copyright infringement claim." *Sefton*, 201 F.Supp.2d at 746.

Therefore Plaintiff's unjust enrichment claim must be dismissed, as at its "core" are allegations of "the wrongful copying, distribution, and performance" of her song. *Daboub*, 42 F.3d at 289. *See also Cooper v. Sony Music Entertainment Inc., et al.*, No. 01-0941, 2002 WL 391693, at \*3 (S.D. Tex Feb. 19, 2002) ("In the instant suit, the claims for unjust enrichment and conversion arise from allegations of retention, reproduction, distribution, and sale of the musical work, and are thus restatements of federal copyright causes of action."); *Tavormina v. Evening Star Productions, Inc.*, 10 F.Supp.2d 729 (S.D. Tex. 1998) (finding that plaintiff's unjust enrichment claim invoked the same rights as those in an action for copyright infringement).

### B.  Misappropriation of Name, Image, and Likeness Claim

Defendants argue that Plaintiff has not offered facts to state a misappropriation claim. To state a claim under Texas misappropriation law, Plaintiff must plead facts showing (i) Defendants misappropriated her name or likeness for the value associated with it, rather than incidentally or for a newsworthy reason, (ii) she can be identified from the publication, and (iii) Defendants benefited or were advantaged in some way by the publication. *Matthews v. Wozencraft*, 15 F.3d 432, 437 (5th Cir. 1994) (citing J. Hadley Edgar & James B. Sales, *Texas Torts and Remedies* § 53.06(2) (2008); *Faloona v. Hustler Magazine*, 799 F.2d 1000 (5th Cir. 1986), *cert. denied*, 479 U.S. 1088, 107 S. Ct. 1295, 94 L.Ed.2d 141 (1987)). Generally, misappropriation become actionable when the name, image, or likeness is utilized for a commercial purpose. *Id.* (quoting Restatement (Second) of Torts § 652C (1977)). However, Plaintiff does not plead any facts showing that Defendants misappropriated her name or likeness at all. She merely alleges that Defendants used her song. (Pl.'s Am. Compl. ¶ 9.) Plaintiff has thus failed to state a claim for misappropriation.

### C.  Conversion Claim

Finally, Defendants argue that Plaintiff's conversion claim should be dismissed because it is preempted. Under Texas law, conversion of physical property requires a showing of an "'unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights.'" *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003) (quoting *Waisath v. Lack's Stores*, 474 S.W.2d 444, 447 (Tex. 1971)). While "[t]he elements of

conversion of *physical* property are, therefore, qualitatively different than those of copyright infringement," Plaintiff's facts show only the conversion of intangible property: her song. *Id.* (emphasis added). As the facts support only a claim for conversion of intangible property, Plaintiff's wrongful conversion claim is preempted. *See Real Estate Innovations, Inc. v. Houston Association of Realtors, Inc. et al.*, No. 09-20868, 2011 U.S. App. LEXIS 7882, at \*16 (5th Cir. April 15, 2011) ("A claim for conversion will be preempted when the theory of recovery merely asserts the wrongful copying, distribution, or performance of an interest under the Copyright Act."); *Daboub*, 42 F.3d at 289-90 (holding that a conversion claim is preempted by the Copyright Act when the claim was for improper copying of a song, which is intangible); *Pritoikin v. Liberation Publs. Inc.*, 83 F.Supp.2d 920, 923 n.1 (N.D. Ill. 1999) ("§ 301(a) will preempt a conversion claim 'where the plaintiff alleges only the unlawful retention of its intellectual property rights and not the unlawful retention of the tangible object embodying its work.'" (quoting Paul Goldstein, *Copyright, Patent, Trademark and Related States Doctrines* 777 (3d ed. 1993))).

## IV.   CONCLUSION

For the above stated reasons, Plaintiff has failed to state a claim for which relief can be granted. The Court declines to grant Plaintiff's request to amend her pleadings a second time. Plaintiff was already instructed to amend her pleadings to state claims for non-copyright causes of action. The Court does not believe further amendments will cure the pleading defects at issue. The Court thus **GRANTS** Defendants' Motion to Dismiss

Plaintiff's Non-Copyright Causes of Action. Plaintiff's non-copyright causes of action are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

**SIGNED** this the 25th day of October, 2011.

**KEITH P. ELLISON**
**UNITED STATES DISTRICT JUDGE**